Edward J. Greenfield, J.
In this action by a landlord against its former tenant for unpaid rent, the tenant counterclaims for damages arising out of breach of covenant and alleged unlawful interference with contract.
The premises involved were in the Time-Life building at Rockefeller Center. Defendant, a securities broker, had a written lease for office space on the ninth floor running from July 1, 1960 to April 30, 1965. The lease provided that: “ the Tenant herein may sublease the demised premises after July 31, 1962, in whole by notifying the Landlord and obtaining the Landlord’s consent. The Landlord agrees not to unreasonably withhold consent.”
In August, 1960 defendant sought permission to sublet a portion of the premises for three years, but consent was not forthcoming. Then,.in July of 1962 defendant requested permission to sublet half his space to W. L. Thomas Corp., an investment company which was already a tenant in the building, and permission was granted. Defendant then negotiated with Robert Brian Associates, another tenant in the building, to take over the balance of his premises, and on November 14, 1962 asked for plaintiff’s consent. This was refused immediately upon receipt *659 of his request. Brian Associates nevertheless moved into the space, and on December 30, 1962 plaintiff elected to terminate defendant’s lease. A final order awarding possession of the premises to the landlord was entered by this court on January 14, 1963, with warrant stayed to January 31, tenant to pay for use and occupancy for January. That sum, amounting to $574.53, was not paid. Plaintiff thereupon negotiated new leases directly with the subtenants.
Defendant’s counterclaims for breach of covenant and unlawful interference with contractual relations are both premised upon the alleged wrongful withholding of consent by the landlord of permission to sublet.
The tenant contends that the unreasonableness of the landlord is amply demonstrated by the fact that after it had declined permission to sublet and the tenant was dispossessed, the landlord then proceeded to enter into direct lease arrangements with both the original subtenant and the proposed subtenant for the balance of the space. This is persuasive in indicating that the subtenants were perfectly acceptable in their own right and that the landlord could raise no substantial objection as to their financial responsibility, or their respectability, or the character of their business. Both subtenants were already tenants of other space in the building. May a landlord who can have no objection as to the identity of the tenants nevertheless refuse consent to a proposed subtenancy? Though no authorities have been presented on this point, I believe such a refusal may indeed be reasonable.
The Time-Life building at Rockefeller Center is one of that class which is sometimes called a “prestige building.” The landlord’s objection here was not so much to the identity or responsibility of the subtenants, but to the very fact of multiple subtenancies. It is one thing to permit a tenant to assign or . sublet to a successor-in-interest or a purchaser of its business. It is quite another to permit a tenant in a prestige building to subdivide and lease out space to numerous subtenants at a profit to himself. The refusal of a landlord under such circumstances to grant consent appears to be entirely justifiable. The owner of a prestige building, in order to maintain its status and desirability, may well require that space in its building be rented in substantial blocs lest the premises be Balkanized so that it becomes generally known as a veritable rabbit-warren of “ holes-in-the-wall ” and rented desk spaces. It could reasonably object to a tenant cutting up its space and going into the business of leasing it to numerous subtenants at a profit. That was one of the reasons, presumably, why the lease provision regarding sub *660 letting called for the landlord to refrain from denying consent only when the premises were being sublet “ in whole
The tenant argues that money alone was the price of the landlord’s consent, and that the sole ground of the landlord’s objection to the further subletting was that the tenant would make a profit. The court finds on the .basis of the testimony here that the question of profit was wholly subsidiary, and that the major consideration was avoidance of multiple subtenancies. The withholding of consent to the proposed further sublease was not unreasonable, even though thereafter the landlord entered into direct leases with the same parties.
On the facts here presented the court finds that the plaintiff is entitled to judgment for unpaid rent in the sum of $574:53 and that the counterclaims of the defendant must be dismissed.